UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

| | |
|---|---|
| MONTPELIER U.S. INSURANCE COMPANY, <br><br> Plaintiff, <br><br> 240 MT. HOPE REALTY CO., <br> 1815 MORRIS AVENUE CORP. DBA, <br> ARMANI WILLIAMS, an infant by TAMIKO GORDON, TAMIKO GORDON, KAREN ROBINSON and NATE CLARK, <br><br> Defendants. | Civil Action No. <br> 15 cv 01033 (JMF) <br><br> ECF CASE <br><br> ***COMPLAINT*** |

------------------------------------------------------------x

Plaintiff MONTPELIER U.S. INSURANCE COMPANY (now known as Mesa Underwriters Specialty Insurance Company and hereinafter referred to as "MUSIC"), by and thorough its attorneys, WADE CLARK MULCAHY, alleges the following as its Complaint for Declaratory Judgment against defendants 240 MT. HOPE REALTY CO., 1815 MORRIS AVENUE CORP. DBA (collectively referred to herein as "1815 Morris"), ARMANI WILLIAMS, an infant by TAMIKO GORDON, and TAMIKO GORDON:

## NATURE OF ACTION

1. Despite receiving notice that it was named a defendant in a lawsuit pending in New York State court, 1815 Morris waited until after default judgment was already entered against it before notifying MUSIC of the underlying action. MUSIC was clearly prejudiced by the untimely notice, thus vitiating any obligation to afford coverage to 1815 Morris in the underlying action.

2. 1815 Morris owns an apartment building in which Armani Williams, an infant, claims he was bitten by a dog owned by a tenant of an apartment in the building. Williams, by Tamiko Gordon, as well as Tamiko Gordon herself, sued 1815 Morris and others in the New

York State Supreme Court, Bronx County, styled *Armani Williams, et. al. v. Karen Robinson, et. al.*, under Index No. 23244/2012. 1815 Morris only provided notice to MUSIC of the underlying action after the trial court entered default judgment against and an inquest was scheduled by the trial court. Despite this obvious prejudice, MUSIC still retained counsel to defend 1815 Morris to attempt to vacate the default judgment. The trial court vacated the default judgment and 1815 Morris answered the complaint, but the Appellate Division, First Department reversed the trial court and struck 1815 Morris' answer. Accordingly, MUSIC has been prejudiced by 1815 Morris' untimely notice because default judgment was ultimately entered against it in the underlying action.

3. MUSIC now files this action, seeking a judicial declaration that MUSIC has no duty to defend or indemnify 1815 Morris in the underlying action.

## JURISDICTION AND VENUE

4. This is a declaratory judgment action brought pursuant to Federal Rules of Civil Procedure Rule 57 and 28 U.S.C. § 2201 and § 2202 for a declaration of rights of the parties under a policy of insurance issued by MUSIC.

5. Subject matter jurisdiction is based upon 28 U.S.C. § 2201 and diversity of citizenship under 28 U.S.C. § 1332. The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6. Venue is proper in this district under 28 U.S.C. § 1391(d) because the defendants are domiciled in the State of New York.

7. An actual controversy exists between the parties regarding their respective rights and obligations under the relevant policy of insurance issued by MUSIC to 1815 Morris.

## THE PARTIES

8.  MUSIC is an insurance company duly organized and existing under and by virtue of the laws of the State of New Jersey, with its principal place of business located at 6263 Scottsdale Road, #300, Scottsdale, AZ 85250.

9.  MUSIC issued a Commercial General Liability insurance policy to defendants 240 Mt. Hope and 1815 Morris, under policy no. SC0060019000065, with effective dates of April 26, 2012 through April 26, 2013. A true and correct copy of the MUSIC policy is annexed hereto as **Exhibit A**.

10. 1815 Morris Avenue Corp. DBA is a corporation duly organized and existing under the laws of the State of New York and domiciled in the State of New York.

11. 240 Mt. Hope Realty Co. is a corporation duly organized and existing under the laws of the State of New York and domiciled in the State of New York.

12. Williams, an infant by Tamiko Gordon, is a natural person and resident of the State of New York.

13. Gordon is a natural person and resident of the State of New York.

14. Robinson is a natural person and resident of the State of New York.

15. Clark is a natural person and resident of the State of New York.

## THE INSURANCE POLICY

16. MUSIC's policy provides Commercial General Liability subject to the terms, provisions, exclusions and conditions set forth in the policy.

17. The MUSIC policy's insuring agreement is found in the endorsement entitled New York Changes - Commercial General Liability Coverage Form (CG 01 63 07 11):

**SECTION I — COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages even if the allegations of the "suit" are groundless, false or fraudulent. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

(1) The amount we will pay for damages is limited as described in Section III — Limits Of Insurance; and

(2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments — Coverages A and B.

18. The MUSIC policy's endorsement entitled Commercial General Liability Coverage Form (CG 00 01 12 07), also contains certain conditions to coverage, including the requirement that the insurer receive notice as soon as practicable:

**SECTION IV— COMMERCIAL GENERAL LIABILITY CONDITIONS**

**2. Duties In The Event Of Occurrence, Offense, Claim Or Suit**

4

    a.    You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

        (1)    How, when and where the "occurrence" or offense took place;

        (2)    The names and addresses of any injured persons and witnesses; and

        (3)    The nature and location of any injury or damage arising out of the "occurrence" or offense.

    b.    If a claim is made or "suit" is brought against any insured, you must:

        (1)    Immediately record the specifics of the claim or "suit" and the date received; and

        (2)    Notify us as soon as practicable.

    You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

    c.    You and any other involved insured must:

        (1)    Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

        (2)    Authorize us to obtain records and other information;

        (3)    Cooperate with us In the Investigation or settlement of the claim or defense against the "suit"; and

        (4)    Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

    d.    No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

19. The MUSIC policy's endorsement entitled Commercial General Liability Coverage Form (CG 00 01 12 07), also contains the following relevant definitions:

> 3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.
>
> 13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.
>
> 18. "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged. "Suit" includes:
>
>     a. An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or
>
>     b. Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

## FACTUAL BACKGROUND

### The Underlying Action and Default Judgment

20. On December 21, 2012, Williams and Gordon commenced the underlying personal injury lawsuit against 1815 Morris, Karen Robinson and Nate Clark. A copy of the complaint in the underlying action is annexed hereto as **Exhibit B**.

21. In brief, the underlying plaintiff, Williams (age 12), claims that on December 7, 2012, he was bitten by a pit bull owned by Robinson, a tenant in the building owned by 1815 Morris at 1815 Morris Avenue, Bronx, New York 10027. *See*, Exhibit B.

22. On January 7, 2013, the underlying plaintiffs served 1815 Morris with the complaint in the underlying action via the New York Secretary of State.

23. In January or February of 2013, 1815 Morris acknowledged receipt of the underlying complaint.

24. On February 25, 2013, the underlying plaintiffs filed a motion for a default judgment against 1815 Morris because it failed to proffer an answer to the underlying complaint.

25. On July 8, 2013, approximately five months after 1815 Morris acknowledged receipt of the underlying complaint, the trial court granted the underlying plaintiffs' motion for default judgment against 1815 Morris. A copy of the July 8, 2013 order of default judgment in the underlying action is annexed hereto as **Exhibit C**.

26. Upon information and belief, on August 6, 2013, a Notice for Inquest Letter was sent to defendant 1815 Morris, which was forwarded to 1815 Morris' insurance agent, Goodhart National Gorman Agency.

27. Upon information and belief, 1815 Morris failed to provide notice of this underlying claim, or forward the suit papers, to its insurance agent, Goodhart prior to August 6, 2013.

28. MUSIC did not receive notice of this underlying claim, or receive suit papers, until August 19, 2013 when Goodhart, as 1815 Morris' agent, notified MUSIC of the underlying action and default judgment. A copy of the notice received by MUSIC is annexed hereto as **Exhibit D**.

29. 1815 Morris failed to provide notice of this underlying claim, or forward the suit papers, to MUSIC until August 19, 2013.

30. Despite the untimely notice and prejudice to MUSIC, on August 23, 2013, in good faith to its policyholder, MUSIC retained counsel to defend 1815 Morris in the underlying action and move to vacate the default judgment entered against 1815 Morris.

31. On November 18, 2013, the trial court granted 1815 Morris' motion to vacate the default judgment and on November 19, 2013, 1815 Morris served an answer to the underlying complaint.

32. The underlying plaintiffs perfected an appeal in the New York State Appellate Division, First Department, seeking the reversal of the trial court's order that vacated the default judgment entered against 1815 Morris.

33. On May 15, 2014, the First Department reversed the trial court's November 18, 2013 order, struck 1815 Morris' answer, and permitted the underlying plaintiffs to re-enter a default judgment against 1815 Morris. A copy of the First Department's May 15, 2014 decision and order is annexed hereto as **Exhibit E**.

### MUSIC's Reservation of Rights and New York State Declaratory Judgment Action

34. On June 12, 2014, MUSIC wrote to its insureds, 1815 Morris and 240 Mt. Hope, and reserved its right to disclaim coverage based on untimely notice of the lawsuit. MUSIC asserts that it was prejudiced by the insured defendants' delay in providing notice of the underlying action as soon as reasonably practicable because default judgment was entered against 1815 Morris. A copy of MUSIC's June 12, 2014 reservation of rights letter is annexed hereto as **Exhibit F**.

35. On August 12, 2014, MUSIC commenced a declaratory judgment action against the same defendants in the New York State Supreme Court, Bronx County, seeking an order that MUSIC does not have a duty to defend or indemnify 1815 Morris in the underlying action.

36. On December 18, 2014, by Order to Show Cause, MUSIC moved the court in the state declaratory judgment action for an order, pursuant to NY CPLR § 3217(b), discontinuing

this lawsuit without prejudice in order for MUSIC to file an action in the United States District Court for the Southern District of New York.

37. On February 2, 2015, the trial court granted MUSIC's motion for a discontinuance without prejudice to file this declaratory judgment action in the United States District Court for the Southern District of New York. A copy of the trial court's order, dated February 2, 2015, granting discontinuance of the state declaratory judgment action is annexed hereto as **Exhibit G**.

## COUNT I
### (Declaratory Judgment)

**NO COVERAGE EXISTS UNDER THE MUSIC POLICY BECAUSE THE INSUREDS' UNTIMELY NOTICE OF THE CLAIM VIOLATED A CONDITION OF COVERAGE AND PREJUDICED MUSIC'S RIGHTS UNDER ITS POLICY.**

38. MUSIC repeats and reiterates each and every allegation heretofore made in paragraphs designated "1" through "37" inclusive, with the same force and effect as if set forth herein.

39. Pursuant to Section IV, Paragraph 2, of the MUSIC policy, 1815 Morris' entitlement to coverage under the MUSIC policy is conditioned on 1815 Morris providing notice to MUSIC as soon as practicable:

> **SECTION IV— COMMERCIAL GENERAL LIABILITY CONDITIONS**
>
> **2. Duties In The Event Of Occurrence, Offense, Claim Or Suit**
>
> a. You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

      (1)    How, when and where the "occurrence" or offense took place;

      (2)    The names and addresses of any injured persons and witnesses; and

      (3)    The nature and location of any injury or damage arising out of the "occurrence" or offense.

b.    If a claim is made or "suit" is brought against any insured, you must:

      (1)    Immediately record the specifics of the claim or "suit" and the date received; and

      (2)    Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

c.    You and any other involved insured must:

      (1)    Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

      (2)    Authorize us to obtain records and other information;

      (3)    Cooperate with us In the Investigation or settlement of the claim or defense against the "suit"; and

      (4)    Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

d.    No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

*See*, Exhibit A.

    40.    On December 21, 2012, the underlying plaintiffs commenced the underlying action against 1815 Morris.

10

41.     On January 7, 2013, 1815 Morris was served via the New York Secretary of State and Morris admits that it received the complaint around that time.

42.     On July 8, 2013, approximately five months after 1815 Morris acknowledged receipt of the underlying complaint, the trial court granted the underlying plaintiffs' motion for default judgment against 1815 Morris.

43.     MUSIC did not receive notice of the underlying action until August 19, 2013, and after default judgment was already entered against 1815 Morris.

44.     On November 18, 2013, the trial court granted 1815 Morris' motion to vacate the default judgment.

45.     On May 15, 2014, the First Department reversed the trial court's November 18, 2013 order, struck 1815 Morris' answer, and permitted the underlying plaintiffs to re-enter a default judgment against 1815 Morris.

46.     Under these circumstances, MUSIC has no duty to defend or indemnify 1815 Morris in connection with the underlying action because MUSIC has been prejudiced by 1815 Morris' delay in providing notice.

**WHEREFORE**, Plaintiff MUSIC demands judgment against the defendants as follows:

a.  A declaration that MUSIC has no duty to defend 1815 Morris Avenue Corp. DBA, 240 Mount Hope Realty, Co., or any party with respect to the underlying action;

b.  A declaration that MUSIC has no duty to indemnify 1815 Morris Avenue Corp. DBA, 240 Mount Hope Realty, Co., or any party with respect to any potential judgment that may be awarded in connection with the underlying action;

c.  A declaration that MUSIC has no duty to pay 1815 Morris Avenue Corp. DBA, 240 Mount Hope Realty, Co., or any party with respect to the underlying action;

d. Awarding MUSIC the costs of suit incurred herein, including reasonable attorneys' fees; and

e. Awarding MUSIC such other and further relief as this Court deems just and proper.

Dated: New York, New York
February 11, 2015

WADE CLARK MULCAHY

_____
Michael A. Bono
Attorneys for Plaintiff
111 Broadway
New York, New York 10006
(212) 267-1900
Our File No.: 440.8844.1MB/SK