```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  10/22/2015
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
                                          :

MONTPELIER U.S. INSURANCE CO.,       :
                                            :

                       Plaintiff,       :          15-CV-1033 (JMF)
                                            :

            -v-                      :        MEMORANDUM OPINION
                                          :          AND ORDER

240 MT. HOPE REALTY CO., et al.,       :
                                            :

                    Defendants.       :
                                            :
------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Plaintiff Montpelier U.S. Insurance Co. ("MUSIC") brings this motion for summary

judgment against Defendants 240 Mt. Hope Realty Co. and 1815 Morris Avenue Corp.

("Defendants") seeking a declaratory judgment that it has no duty to indemnify or otherwise

defend Defendants in an underlying state court action where default judgment was previously

granted against them.[1]  Defendants, in turn, cross-move for summary judgment, asking that this

Court find that MUSIC is required to defend and indemnify them in the underlying action due to

MUSIC's failure to disclaim coverage in a reasonably timely fashion as required by New York

law.  For the reasons that follow, MUSIC's motion for summary judgment is DENIED, and

Defendants' cross-motion for summary judgment is GRANTED.

---

[1]      Defendants note that they were improperly named in the Complaint and subsequent
filings; their correct names are 240 Mt. Hope Realty *LLC* and 1815 Morris *Realty* Corp,
respectively.  (*See* Mem. Law Opp'n Pl.'s Mot. Summ. J. & Supp. Defs.' Cross-Mot. Summ. J.
(Docket No. 24) ("Defs.' Mem.") 4).

**BACKGROUND**

There are no material facts in dispute.  (*See* Pl. Montpelier U.S. Ins. Co.'s Reply Mem. Law Further Supp. Mot. Summ J. & Opp'n Defs.' Cross-Mot. Summ. J. (Docket No. 33) ("Pl.'s Reply Mem.") 2-3).  Plaintiff is an insurance company; Defendants own and operate an apartment building in the Bronx.  (Compl. (Docket No. 1) ¶¶ 8, 10-11, 21).  MUSIC issued a Commercial General Liability insurance policy to Defendants with effective dates of April 26, 2012, to April 26, 2013.  (*See* Pl.'s Statement Material Facts Not In Dispute (Docket No. 19) ("Pl.'s 56.1 Statement") ¶ 1; Defs.' Statement Facts (Docket No. 25) ("Defs.' 56.1 Statement") ¶ 1).  On January 7, 2013, Defendants were served with the summons and complaint in a lawsuit alleging that a pit bull belonging to a tenant in Defendants' building had bitten a child.  (*See* Compl. ¶¶ 20-23; Pl.'s 56.1 Statement ¶¶ 3-4; Defs.' 56.1 Statement ¶ 2).  Default judgment was granted against Defendants in that underlying action on July 8, 2013.  (*See* Compl. ¶¶ 2, 25; Pl.'s 56.1 Statement ¶ 6).  MUSIC received notice of the underlying claim, and the attendant default judgment, on August 19, 2013, when Defendants' insurance agent provided copies of the relevant papers to MUSIC's general agent.  (*See* Compl. ¶¶ 1-2, 28; Pl.'s 56.1 Statement ¶ 7). Thereafter, MUSIC retained counsel for Defendants, who then successfully moved to vacate the default judgment on November 18, 2013, and subsequently served an answer to the underlying complaint.  (*See* Compl. ¶¶ 30-32; Pl.'s 56.1 Statement ¶¶ 8-10; Defs.' 56.1 Statement ¶¶ 6-9). On May 15, 2014, however, the Appellate Division, First Department, reversed the trial court's order and reinstated the default judgment.  (*See* Compl. ¶¶ 32-33; Pl.'s 56.1 Statement ¶¶ 11-13; Defs.' 56.1 Statement ¶ 10).

Approximately one month later, on June 12, 2014, MUSIC sent a letter to Defendants reserving — for the first time — its rights to disclaim coverage of Defendants' default judgment

2

"based on untimely notice of the lawsuit." (Compl. ¶ 34). On August 12, 2014, MUSIC

initiated a declaratory judgment action against Defendants in state court, contending it has no

duty to defend or indemnify Defendants for the default judgment. (*Id.* ¶ 35). That court then

granted MUSIC's request to discontinue the action without prejudice so that MUSIC could file a

similar action in this Court, which it did on February 13, 2015. (*See id.* ¶¶ 36-37).

## DISCUSSION

Summary judgment is appropriate when the admissible evidence and the pleadings

demonstrate "no genuine dispute as to any material fact and the movant is entitled to judgment as

a matter of law." Fed. R. Civ. P. 56(a); *see also Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir.

2012) (per curiam). An issue of fact qualifies as genuine if the "evidence is such that a

reasonable jury could return a judgment for the nonmoving party." *Anderson v. Liberty Lobby,

Inc.*, 477 U.S. 242, 248 (1986); *accord Roe v. City of Waterbury*, 542 F.3d 31, 35 (2d Cir. 2008).

In ruling on a motion for summary judgment, all evidence must be viewed in the light most

favorable to the non-moving party, *Overton v. N.Y. State Div. of Military & Naval Affairs*, 373

F.3d 83, 89 (2d Cir. 2004), and the court must "resolve all ambiguities and draw all permissible

factual inferences in favor of the party against whom summary judgment is sought," *Sec. Ins. Co.

of Hartford v. Old Dominion Freight Line, Inc.*, 391 F.3d 77, 83 (2d Cir. 2004). When, as here,

both sides move for summary judgment, a court is "required to assess each motion on its own

merits and to view the evidence in the light most favorable to the party opposing the motion,

drawing all reasonable inferences in favor of that party." *Wachovia Bank, Nat'l Ass'n v. VCG

Special Opportunities Master Fund, Ltd.*, 661 F.3d 164, 171 (2d Cir. 2011).

Defendants are entitled to summary judgment because MUSIC failed, as a matter of law,

to provide a timely disclaimer of coverage, as required by New York Insurance Law Section

3420(d)(2).  (*See* Mem. Law Opp. Pl.'s Mot Summ. J. & Supp. Defs.' Cross-Mot. Summ. J. (Docket No. 24) ("Defs.' Mem.") 6).  Section 3420(d)(2) provides in relevant part that an insurer intending to disclaim liability or deny coverage under a policy delivered or issued in New York for bodily injury arising out of a New York accident "shall give written notice as soon as is reasonably possible of such disclaimer of liability or denial of coverage to the insured and the injured person or any other claimant."  N.Y. Ins. L. § 3420(d)(2); *see also Britt v. Gen. Star Indem. Co.*, 494 F. App'x 151, 152-53 (2d Cir. 2012) (summary order).  Time begins to run for purposes of such disclaimer when the insurer knows the grounds for its entitlement to disclaim. *See First Fin. Ins. Co. v. Jetco Contracting Corp.*, 1 N.Y.3d 64, 66 (2003) ("[O]nce the insurer has sufficient knowledge of facts entitling it to disclaim, or knows that it will disclaim coverage, it must notify the policyholder in writing as soon as is reasonably possible."); *accord Liberty Ins. Underwriters Inc. v. Great Am. Ins. Co.*, No. 11-CV-6973 (DLC), 2012 WL 2359876, at *6 (S.D.N.Y. June 20, 2012).  And where Section 3420(d)(2) applies, the insured need not show prejudice from the delayed disclaimer; instead, the only question is whether the delay was "unreasonable."  *See Adams v. Chi. Ins. Co.*, 49 F. App'x 346, 349 n.** (2d Cir. 2002) (summary order); *Jewish Cmty. Ctr. of Staten Island v. Trumbull Ins. Co.*, 957 F. Supp. 2d 215, 236-37 (E.D.N.Y. 2013) (citing cases); *KeySpan Gas E. Corp. v. Munich Reinsurance Am., Inc.*, 23 N.Y.3d 583, 590 (2014) (noting that 3420(d)(2) "creates a heightened standard for disclaimer that depends merely on the passage of time rather than on the insurer's manifested intention to release a right as in waiver, or on prejudice to the insured as in estoppel" (internal quotation

marks omitted)); *First Fin. Ins.*, 1 N.Y.3d at 67 n.2 (noting that, under Section 3420(d)(2), "prejudice is of no legal relevance").[2]

Here, MUSIC had knowledge of sufficient facts to disclaim coverage when it received notice of the default judgment on August 19, 2013.  At that point, MUSIC would indisputably have been entitled to disclaim on the ground that Defendants' notice was untimely and that MUSIC was prejudiced by the delay; in fact, there is an "irrebuttable presumption of prejudice" that applies when, as here, an insurer receives notice of a claim only after the insured's liability has been determined.  *See* N.Y. Ins. Law § 3420(c)(2)(B).  But MUSIC elected not to disclaim coverage and did not make any reservation of its right to disclaim coverage, instead taking up Defendants' defense in the underlying lawsuit; indeed, it did not disclaim coverage until nearly ten months later, on June 12, 2014.  (*See* Compl. ¶¶ 30, 34; Defs.' Mem. 4, 6).  That ten-month delay, with no explanation, is comparable to — indeed, longer than — unexcused delays that the Second Circuit and other courts have held to be unreasonable as a matter of New York law.  *See,*

---

[2]       Somewhat puzzlingly, Defendants argue in their reply memorandum of law that they were prejudiced by MUSIC's failure to disclaim — even though, as discussed, prejudice is irrelevant under Section 3420(d).  (Mem. Law Further Support Defs.' Cross-Motion Summ. J. (Docket No. 40) ("Defs.' Reply") 4-9).  The cases cited by Defendants in their reply memorandum either explicitly or implicitly did not implicate Section 3420(d).  *See Yoda, LLC v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 88 A.D.3d 506, 508 (1st Dep't 2011) (noting that Section 3420(d) did not apply); *Federated Dep't Stores, Inc. v. Twin City Fire Ins. Co.*, 28 A.D.3d 32, 39 (1st Dep't 2006) (discussing the prejudice requirement only under common law estoppel); *Nat'l Indem. Co. v. Ryder Truck Rental, Inc.*, 230 A.D.2d 720, 721 (2d Dep't 1996) (same); *Gen. Accident Ins. Co. of Am. v. Metro. Steel Indus., Inc.*, 9 A.D.3d 254, 254 (1st Dep't 2004) (analyzing prejudice where the underlying claim was for breach of contract, not personal injury); *Am. Guar. & Liab. Co. v. Cohen*, 44 Misc.3d 1227, 2013 WL 9658857, at *3 (Sup. Ct. Dec. 19, 2013) (commenting that Section 3420(d)(2) did not apply because the underlying action was for professional malpractice).  In this case — where the underlying claim is for bodily injury, the underlying accident took place in New York, and the insurance policy appears to have been delivered to Defendants in New York (*see* Aff. Supp. Mot. Summ. J. (Docket No. 16), Ex. 1, at 1) — there appears to be no dispute that Section 3420(d) applies.  Accordingly, the cases cited by Defendants are inapposite.

*e.g.*, *Bluestein & Sander v. Chi. Ins. Co.*, 276 F.3d 119, 122 (2d Cir. 2002) (nine months); *Adams*, 49 F. App'x at 349 (eight months); *First Fin.*, 1 N.Y.3d at 66 (forty-eight days); *West 16th St. Tenants Corp. v. Pub. Serv. Mut. Ins. Co.*, 736 N.Y.S.2d 34, 35 (1st Dep't 2002) (thirty days); *Colonial Penn Ins. Co. v. Pevzner*, 698 N.Y.S.2d 310, 310 (2d Dep't 1999) (forty-one days); *Hartford Ins. Co. v. Nassau Cnty.*, 46 N.Y.2d 1028, 1029-30 (1979) (two months); *Allstate Ins. Co. v. Gross*, 27 N.Y.2d 263, 266-67 (1970) (seven months); *see also, e.g.*, *N.Y. State Ins. Fund v. Mt. Vernon Fire Ins. Co.*, 371 F. App'x 207, 210 (2d Cir. 2010) (amended summary order) (discussing cases involving unexplained delays of two months and forty-eight days); *cf. O'Dowd v. Am. Sur. Co. of N.Y.*, 3 N.Y.2d 347, 355 (1957) ("It is clear that when an insurer defends an action on behalf of an insured, in his stead, with knowledge of facts constituting a defense to the coverage of the policy, it is thereafter estopped from asserting that the policy does not cover the claim."). It follows that MUSIC must defend and indemnify Defendants and the latter are entitled to summary judgment.

In arguing otherwise, MUSIC asserts first that it has no duty to defend or indemnify Defendants because *they* failed to provide timely notice of their claim in the first instance. (*See* Pl. Montpelier U.S. Ins. Co.'s Mem. Law Supp. Mot. Summ. J. (Docket No. 17) 3-9). As discussed above, however, that would have been a valid basis to disclaim coverage had MUSIC elected to do so (or to reserve its rights to do so) within a reasonable time of *first* receiving notice of the default judgment. It was no longer a valid basis to disclaim ten months later. *See Webster v. Mt. Vernon Fire Ins. Co.*, 368 F.3d 209, 215 (2d Cir. 2004) (holding that an insurer's failure to issue a timely disclaimer "estop[s] it from later denying coverage, even though the insurer would have otherwise been entitled to deny coverage based on the insured's failure to give timely notice."); *Adams*, 49 F. App'x at 49 (holding that a disclaimer made eight months after insurer

knew it has a basis to disclaim coverage due to late notice was unreasonable as a matter of law); *Discover Prop. & Cas. Ins. Co. v. Pathmark Stores, Inc.*, No. 09-CV-1529 (JFB) (WDW), 2010 WL 4365561, at *5 (E.D.N.Y. Oct. 27, 2010) ("[E]ven where the insured's notice to the insurer was untimely, denial of coverage is not automatic."); *First Fin.*, 1 N.Y.3d at 67 ("[T]he insurer's failure to provide notice as soon as is reasonably possible precludes effective disclaimer, even though the policyholder's own notice of the incident to its insurer is untimely."); *All City Ins. Co. v. Pioneer Ins. Co.*, 599 N.Y.S.2d 245, 245-46 (1st Dep't 1993) ("Nor is the alleged failure of the individual plaintiffs to give timely notice of the claim of any moment, since timely notice of disclaimer must be given even when the reason for disclaimer is lack of timely notice by the insured.").

MUSIC also contends that the time for its disclaimer began to run only when the First Department reinstated the default judgment (*see* Pl.'s Reply Mem. 4-6), but that contention is without merit. As the New York Court of Appeals has explained, in enacting Section 3420(d), the New York State Legislature "intended to expedite the disclaimer process, thus enabling a policyholder to pursue other avenues expeditiously." *First Fin. Ins.*, 1 N.Y.3d at 68. Thus, the "timeliness of an insurer's disclaimer is measured from the point in time when the insurer *first* learns of the grounds for disclaimer of liability or denial of coverage." *Id.* at 68-69 (internal quotation marks omitted) (emphasis added). Here, MUSIC *first* learned of the grounds for denial of coverage on August 19, 2013, when it received notice of the underlying lawsuit and the default judgment entered against Defendants. *See, e.g.*, *West 16th St. Tenants Corp.*, 736 N.Y.S.2d at 35 (holding that an insurer's thirty-day delay in disclaiming coverage was unreasonable as a matter of law because the lack of timely notice by the insured "was obvious from the face of the notice of claim" and the insurer "had no need to conduct an investigation

before determining whether to disclaim").  At bottom, MUSIC's argument is that it was in the interest of Defendants for it to provide a defense until the appellate process ran its course.  But that argument is effectively the same as the policy argument rejected by the New York Court of Appeals in *First Financial Insurance Co.*  *See* 1 N.Y.3d at 69 (rejecting an argument that delays to explore other sources of insurance for policyholders "should be encouraged because they are for the benefit of the insured," explaining "that they may also be in the insurer's interest in reducing its ultimate risk, and further may detrimentally delay the policyholder's own search for alternative coverage").  And ultimately, in analyzing whether an insurer gave timely notice of its intent to disclaim coverage, it makes more sense to look at the delay in giving such notice and the reasons (or lack thereof) for that delay than it does to the results of litigation thereafter, which could conceivably take months or years to resolve.[3]

## CONCLUSION

For the reasons stated above, MUSIC is required to defend and indemnify Defendants.  Accordingly, Defendants' motion for summary judgment is GRANTED, and MUSIC's motion for summary judgment is DENIED.  In light of that result, Defendants' cross-claims (*see* Docket No. 5) and its motion for leave to bring a third-party action in the event that summary judgment was denied (*see* Docket No. 31) are dismissed or denied as moot.

---

[3]    The cases upon which MUSIC relies are not to the contrary as they relate to whether and when, under Section 3420(c)(2)(B), an *insurer* needs to show prejudice to deny coverage on the ground of late notice; none concerns Section 3420(d), the provision at issue here, let alone discusses the question of when or how quickly an insurer must disclaim (or reserve its rights to do so) to deny coverage.  (Pl.'s Reply Mem. 5-6 (citing, among other cases, *Castillo v. Prince Plaza, LLC*, 981 N.Y.S.2d 906 (N.Y. Sup. Ct. 2014)).  Moreover, even under those cases, MUSIC could have disclaimed coverage (or reserved its rights to do so) when it first received notice, as the default judgment was then in effect.  *See Castillo*, 981 N.Y.S.2d at 910-11.

Defendants shall promptly submit a proposed judgment consistent with this Opinion and Order to the Orders and Judgments Clerk of the Court.  In addition, the Clerk of Court is directed to terminate Docket Nos. 14, 21, and 28, and to close the case.

SO ORDERED.

Date:   October 22, 2015
        New York, New York

JESSE M. FURMAN
United States District Judge